Hyman Korn, J.
Petitioner moves to quash a subpoena duces tecum upon .the grounds that it is a private club and therefore excepted from the jurisdiction of the respondent (Administrative Code of City of New York, § Bl-2.0, subd. 9) and petitioner’s membership records and applications for membership have no relevance or materiality to inquiry or investigation conducted by the respondent or to the use of city facilities and properties. Respondent cross-moves for an order denying petitioner’s motion and for further order enforcing the subpoena duces tecum.
It is conceded that petitioner is a private club. It appears to be conceded also that there is a firmly held prevailing public opinion that the petitioner discriminates against some minority groups and that petitioner’s sponsorship of the recent amateur track meet, a major public sporting event, held at Madison Square Garden, triggered a mass demonstration directed against petitioner’s discriminatory practice. Thus, it is argued that petitioner’s function spreads into the public arena and its policies create tension which, in turn, imposes on it a public responsibility which it would not have were its activities restricted within the four walls of its headquarters in New York City. The argument is thus made, no doubt, because of the Administrative Code provision which reads:
‘1 The term ‘ place of public accommodation, resort or amusement ’ shall include, except as hereinafter specified, all places included in the meaning of such terms as : * * * Such term shall not include * * * any institution, club or place of accommodation which is in its nature distinctly private.
*566 “No institution, club, organization or place of accommodation which sponsors or conducts any amateur athletic contest or sparring exhibition and advertises or bills such contest or exhibition as a New York state championship contest or uses the words ‘ New York state ’ in its announcements shall be deemed a private exhibition within the meaning of this section. ’ ’
It is urged that in the circumstances here the alleged practices and activities and their effects flowing beyond the confines of the club property creating tension and public concern come within the ambit of respondent’s power to investigate discriminatory conduct adversely affecting the public interest. Consequently, it is argued that membership admission policies of the petitioner are of public concern and therefore a proper subject for the exercise of the subpoena power under respondent’s general power and the records to be produced are material and relevant to that investigation.
The question is not whether in the opinion of the court or indeed of the parties this matter of grave concern should be a proper subject of inquiry and enforcement action. Rather the question is whether the investigation which the subpoena is intended to implement is authorized by any legislative act which has declared a public policy and formulated an area of respondent’s power. Judicial notice may be taken of the widely held view concerning petitioner’s alleged discriminatory practices, of the fact that at all relevant times when the subject regulatory statutes were enacted, the legislators were fully cognizant of the fact that the activities of private clubs sponsoring amateur athletic events are not necessarily confined within their quarters and that such private clubs sometimes make use of public properties or places of public amusement and that there is increasing apparent cause and effect between discriminatory practices and public tension and disorder.
In Matter of Board of Educ. of City of N. Y. v. Carter (14 N Y 2d 138) there were involved alleged discriminatory employment and promotion practices in the Board of Higher Education of the City of New York and the purpose of the State Commission for Human Rights to investigate. The board claimed exclusive jurisdiction under the Education Law. The power of the Commissioner to investigate and to enforce was upheld although the board and the State Education Commissioner and the Regents also have power and duty to eliminate discriminatory practices within their jurisdiction. In the course of his opinion, Bebgan, J., stated (p. 152): “If it be held that the commission has power of enforcement of the statutory mandate, the power of inquiry into actual employment practices would *567 seem to follow normally. The problem the majority in the Appellate Division had in this part of the decision was to reconcile an absence of authority to enforce with the existence of an authority to inquire, but the scope of the power to inquire is not of large significance if the general power of the commission to enforce be accepted.”
Special Term had prohibited the State Commission from making any informal inquiry or taking any action under its enforcement process. The Appellate Division reversed (16 A D 2d 443) the prohibition against informal inquiry and modified by affirming prohibition against exercise of enforcement jurisdiction. The Court of Appeals modified by dismissing the petition and affirming as thus modified. Thus, inquiry and enforcement were sustained in Carter upon the conclusion that the Board of Higher Education was not an excluded employer under the law empowering the commission to act (Executive Law, §§ 290, 291). Here the petitioner is a private club, and it is an excluded organism. It was excluded by legislative action despite common knowledge of petitioner’s operations and of sporadic, if not continuously voiced complaint of discriminatory practices. Inquiry is the adjunct. Enforcement is the focus. The former does not exist without the latter. The respondent’s thrust is acknowledged and understood as earnest effort in good faith to employ powers supposedly conferred .to examine into and to expose, if necessary, a situation believed to be unhealthy and inimical to the public interest and order. The motivation is laudable. The difficulty is that exclusion impedes until legislators in their wisdom remove the exclusion or in some manner or degree raze the wall.
Under the present status of the law the court must reach the conclusion that power and jurisdiction do not exist here.
The motion is granted and the cross motion is denied.